## E. B. ALLEN v. STATE.

No. A-6267. Opinion Filed Feb. 11, 1928.
(264 Pac. 217.)

L. A. Pelley, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was charged by information in the county court of Jackson county, Okla., on the 21st day of March, 1925, "with the possession of four gallons and one pint of corn whisky, with the unlawful intent to sell, barter, and furnish the same contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state."

Prior to the plea of the defendant, the defendant appeared by counsel and filed a motion to exclude the articles seized and evidence obtained by the officers, alleging that it had been obtained unlawfully and illegally, under and by virtue of a void search warrant; which motion was heard by the court and overruled, and defendant duly excepted. The defendant demurred to the information, which demurrer was considered by the court and overruled, and defendant duly excepted. Defendant entered his plea of not guilty, a jury was impaneled, and at the close of the testimony the defendant demurred to the testimony of the state on the ground that the testimony fails to sustain the allegation, and on the further ground that the testimony is wholly insufficient to sustain the verdict.

The jury after hearing the argument and instructions of the court retired to consider the verdict, and thereafter and on the same day returned into court its verdict, finding the defendant guilty, and left the punishment to be assessed to the court. Motion for new trial was filed and overruled, and defendant reserved

an exception. Upon the verdict rendered the court imposed a sentence of 75 days in jail and a fine of $300 and all costs of the action. The defendant prosecutes an appeal to this court for a reversal of the judgment.

When the state started to introduce its testimony a stipulation was entered into between the attorney representing the defendant and the state, which stipulation is as follows:

"Now, on this 12th day of October, 1925, at a regular day of the October, 1925, term of the county court of Jackson county, Okla., this cause comes on for hearing on motion of the defendant, E. B. Allen, to exclude the articles seized and the evidence obtained by virtue of a certain search and seizure had under a complaint for a search warrant and the warrant issued thereon by the judge of the county court of Jackson county, Okla., J. M. Williams. on the 16th day of March, 1925, on the premises of said defendant.

"It is admitted by counsel for plaintiff and defendant that copies of the original complaint and search warrant issued thereon may be, and the same are hereby introduced in evidence instead of the originals which are at this time misplaced, said copies being attached to defendant's motion filed herein and now before the court.

"It is further admitted that the defendant, E. B. Allen, does not live at or own the premises at 700 South Benson street in Altus, Okla., but that said defendant lives at 612 South Benson street in Altus, Okla., and that the dugout searched and in which it is alleged whisky was found at the time is located in the 600 block on South Benson street, Altus, Okla.

"And the court having heard said motion, the evidence introduced and admitted in support thereof and being fully advised in the premises, finds that said motion is not well taken and that the same should be and is hereby in all things overruled, to which order, ruling,

and judgment of the court the defendant excepted then and there, and exceptions were by the court allowed."

The copy of the application for the search warrant stipulated by the parties shows that the affidavit for the search warrant was made by Jess Harris, who was not called as a witness on behalf of the state, and so far as this record shows was never brought to court to testify as to any facts upon which he based his statement for a search warrant. In the affidavit of Harris for the search warrant the premises described to be searched is 700 South Benson street, Altus, Jackson county, Okla. The search warrant issued by J. M. Williams, county judge, describes the place to be searched as No. 700 South Benson street, in a certain building described as follows: Three room frame house in Altus, Okla. Neither the application for the search warrant nor the affidavit for the search warrant recites the necessary facts to authorize the court to issue a search warrant to search the residence of the defendant. Both the application for the search warrant and the search warrant call for the searching of a building at 700 South Benson street. The stipulation of the county attorney and the attorney for the defendant, which is made a part of the testimony, and which has been set out in this opinion, shows that E. B. Allen did not live at 700 South Benson street, but that he did live at number 612 South Benson street, Altus, Okla.—an entirely different location and some distance from the description in the affidavit for the search warrant and the search warrant.

We will first consider assignment 5, which is as follows:

"5. The said court erred in admitting incompetent and illegal testimony and evidence against the plaintiff in error during the trial of said cause over the

objection of plaintiff in error, to which plaintiff in error at the time objected and saved his exceptions."

There is no testimony introduced against the defendant in this case except the testimony of R. F. Goodloe and J. L. English, who were officers and went to the house of the defendant—all admitted it to be his residence—and searched the same, which was located at 612 South Benson street, when the affidavit that had been filed and the search warrant that was issued was based upon an affidavit describing 700 South Benson street, and the stipulation filed by both the state and the defendant shows that the 700 South Benson street and the 612 South Benson street is not one and the same piece of property, but are some distance from each other. The affidavit falls far short of the requirements of section 7013 of the Compiled Statutes of 1921, and a search warrant based upon such an affidavit would not warrant the parties searching the home of the defendant even though he did live at 700 South Benson street. Russell v. State, 25 Okla. Cr. 423, 221 P. 113; Duncan v. State, 11 Okla. Cr. 217, 144 P. 629; Foster v. State, 27 Okla. Cr. 270, 226 P. 602; Hannon v. State, 29 Okla. Cr. 203, 233 P. 249; Coatney v. State, 30 Okla. Cr. 270, 235 P. 942.

Article 2, § 30, of the Constitution, is as follows:
"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

It will be seen from the reading of the application for the search warrant that the description given therein of the place to be searched is different from the place that was searched. In Cornelius on Search and Sei-

zure, p. 320, the author, describing this particular matter, in paragraph 1;18 states:

"Where the premises sought to be searched are described by a certain street number, obviously such a description will not authorize the search of some other street number; thus, a description of the premises at No. 601 of a certain street did not authorize a search of number 603 on that street even though such premises were owned by the same individual and the search was held to be illegal." State v. Malarky, 57 Mont. 132, 187 P. 635.

In the case of People v. Musk, 221 Mich. 578, 192 N. W. 485, it is said that a warrant to search the premises at 926 Elwood Avenue is not authority to search a residence at 932 Elwood Avenue.

A careful examination of the record shows that the affidavit made by Jess Harris did not contain the necessary allegations to justify search being made of the home of the defendant, as the affidavit did not contain the necessary allegations, and the record discloses that the officers did not search the premises called for in the search warrant based upon an insufficient affidavit, but went to another place and searched it. The affidavit was insufficient to give the court jurisdiction to issue a search warrant, and the testimony secured by reason of the search warrant was incompetent, inadmissible and unlawfully obtained. The variance in the description and search warrant for the search of certain premises, known and numbered 700 South Benson street, is insufficient authority for the search of defendant's residence at 612 South Benson street.

The motion of the defendant to suppress the evidence of the state before he went to trial was well taken, and his objection to the admission of the evidence at the time it was offered during the trial should

have been sustained. There being no competent testimony to sustain the sentence and judgment, the judgment of the trial court is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.